IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:25-cr-00005-JRG-RSP |
| | § | |
| JOSHUA STEPHEN ANDERSON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On July 9, 2025, the undersigned held a final hearing on the Government's petition (#2) to revoke supervised release. The Government was represented by Assistant United States Attorney Robert Wells. The Defendant, Joshua Stephen Anderson, was represented by Jon Hyatt.

Joshua Stephen Anderson was sentenced on July 31, 2024, in reference to Docket No. 6:21CR60037-001, before The Honorable Susan O. Hickey of the Western District of Arkansas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Joshua Stephen Anderson was subsequently sentenced to 32 months of imprisonment to be followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include search of his person, residence, and vehicle; substance abuse testing and treatment; mental health treatment; not possess, use, distribute, or administer marijuana or obtain or possess a medical marijuana card or prescription; and a special assessment of $100.00. On January 3, 2025, Joshua Stephen Anderson completed his period of imprisonment and began service of the supervision term.

On February 20, 2025, supervision of Mr. Anderson's case was transferred to the Eastern District of Texas following the approval of him being able to reside with his mother, Dorothy Anderson at 203 Alamo Street in Lone Star, Texas 75668.

On April 15, 2025, jurisdiction of Mr. Anderson's case was transferred to the Eastern District of Texas, Marshall Division under Docket No. 2:25CR00005.

On April 23, 2025, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

<u>Mandatory</u>: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Specifically, the Government alleges as follows: On January 16, 2025, January 21, 2025, and February 3, 2025, Mr. Anderson submitted a positive urine specimen for marijuana (THC). On February 28, 2025, Mr. Anderson submitted a positive urine specimen for marijuana (THC). Mr. Anderson admitted to using said substance on or about February 26, 2025. On March 25, 2025, Mr. Anderson submitted a positive urine specimen for marijuana (THC). Mr. Anderson admitted to using said substance on or about March 24, 2025. On April 14, 2025, Mr. Anderson submitted a positive urine specimen for marijuana (THC). Mr. Anderson admitted to using said substance on or about April 2, 2025.

<u>Special Condition</u>: The defendant shall submit to inpatient or outpatient alcohol or substance abuse testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Office. Specifically, the Government alleges as follows: Mr. Anderson failed to participate with a scheduled integrated substance abuse and mental treatment session with Scales Forensic Counseling on April 15, 2025.

<u>Special Condition</u>: The defendant shall submit to inpatient or outpatient mental health evaluations, counseling, testing, and/ or treatment, as deemed necessary and directed by the U.S. Probation Office. Specifically, the Government alleges as follows: Mr. Anderson failed to participate with a scheduled integrated substance abuse and mental treatment session with Scales Forensic Counseling on April 15, 2025. Mr. Anderson has failed to participate in mental health treatment services with Transitional Care Management as instructed.

<u>Special Condition</u>: The defendant shall not purchase, possess, use, distribute, or administer marijuana or obtain or possess a medical marijuana card or prescription. If the defendant is currently in possession of a medical marijuana card, he will turn it over immediately to the probation office. Specifically, the Government alleges as follows: As evidenced by the numerous positive drug tests and subsequent admissions, Mr. Anderson has used and has been in possession of marijuana on at least six ( 6) occasions since his release in January 2025.

<u>Special Condition</u>: It is further ordered that the defendant shall pay to the United States a special assessment of $100.00 which is due immediately. Specifically, the Government alleges as follows: Mr. Anderson has managed to pay $25.00 toward his special assessment balance since his time of sentencing. He has remaining balance of $75.00 left unpaid.

The Court scheduled a revocation hearing for July 9, 2025. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #1 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 7 months, with 12 months of supervised release to follow such term of imprisonment, the first 6 months of which in a halfway house/community confinement. The Court recommended service of sentence at FCI Texarkana. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegation, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 7 months, with 12 months of supervised release to follow such term of imprisonment, the first 6 months of which in a halfway house/community confinement. The Court recommended service of sentence at FCI Texarkana.

At the close of the July 9, 2025, revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 12th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4